Military fay; retired fay (nondisability) and active duty fay; limitation of actions. — On September 12,1973 the court issued the following order:
“This case comes before the court without oral argument on plaintiff’s petition and defendant’s motion, filed May 18,1973, to dismiss the petition to which plaintiff has not responded and to which a response would now be out of time under Eule 52(b).
“Plaintiff is a former Marine reserve officer. He alleges that in May, 1959, having then had over 18 years active duty, he resigned his commission and enlisted as a gunnery sergeant in the regular Marines. He did this because he was to be involuntarily released from active duty June 30, 1959, and he *1118 was incorrectly advised by unnamed members of bis command that he could save his eligibility for retirement in no other way. Actually, by 10 U.S.O. '§ 1006 (a), he says he could have remained on active duty as an officer until his 20 years had run. He is suing for active duty pay as an officer until 1962, when he retired and retirement pay of an officer thereafter. He says he has “exhausted his remedy” with the Board for Correction of Military Records.
“Plaintiff’s claim is stated as a legal claim which could be, and could have been, brought directly in this court and as such it is barred both by the statute of limitations (28 U.S.C. § 2501) and by the substantive law stated in Montilla v. United States, 198 Ct. Cl. 48, 457 F. 2d 978 (1972).
“it is therefore ordered that defendant’s said motion to dismiss the petition is granted and plaintiff’s petition is dismissed.”